IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

      vs.                                **Criminal Action 2:17-cr-246(1)**
                                              **JUDGE ALGENON L. MARBLEY**

**SHANE RYAN HAMMOND**

## REPORT AND RECOMMENDATION

Defendant Shane Ryan Hammond is charged in a *Superseding Information* filed in this Court with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1), one count of impersonating a federal agent in violation of 18 U.S.C. § 913, two counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. *Superseding Information,* ECF No. 12. The *Superseding Information* also contains two forfeiture counts. *Id*. Defendant is also charged, in an *Information* filed in the Southern District of West Virginia, *see* Attachment A to *Amended Plea Agreement*, ECF No. 10, with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1).[1] The United States of America and defendant entered into an *Amended Plea Agreement*, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to all these charges.[2] On June 7, 2018, defendant, accompanied by his counsel, appeared for an arraignment and the entry of guilty pleas. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See*

---

[1] The defendant and the prosecuting authorities for both Districts have agreed, pursuant to the provisions of Rule 20 of the Federal Rules of Criminal Procedure, to the transfer of this *Information* to this District. *See* Rule 20 Paperwork, ECF No. 18. The *Amended Plea Agreement* in this case is intended to resolve the West Virginia matter as well.

[2] In the *Amended Plea Agreement*, defendant agreed to the forfeiture counts contained in the *Superseding Information* and also agreed to an order of restitution. The *Amended Plea Agreement* also contains an appellate waiver provision.

1

*United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)
[Magistrate Judge may accept a guilty plea with the express consent of
the defendant and where no objection to the report and recommendation
is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001);
*United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United
States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Defendant also
waived his right to an indictment in open court and after being
advised of the nature of the charges and of his rights. *See* Fed. R.
Crim P. 7(b).

 During the plea proceeding, the undersigned observed the
appearance and responsiveness of defendant in answering questions.
Based on that observation, the undersigned is satisfied that, at the
time he entered his guilty pleas, defendant was in full possession of
his faculties, was not suffering from any apparent physical or mental
illness, and was not under the influence of narcotics or alcohol.

 Prior to accepting defendant's pleas, the undersigned addressed
defendant personally and in open court and determined his competence
to plead. Based on the observations of the undersigned, defendant
understands the nature and meaning of the charges in the *Superseding
Information* filed in this Court and of the charge in the *Information*
filed in the Southern District of West Virginia. He also understands
the consequences of his pleas of guilty to those charges. Defendant
was also addressed personally and in open court and advised of each of
the rights referred to in Rule 11 of the Federal Rules of Criminal
Procedure.

 Having engaged in the colloquy required by Rule 11, the Court
concludes that defendant's pleas are voluntary. Defendant
acknowledged that the *Amended Plea Agreement* signed by him, his
attorney and the attorney for the United States and filed on April 16,
2018, represents the only promises made by anyone regarding the
charges in the *Superseding Information* and in the *Information*.
Defendant was advised that the District Judge may accept or reject the
plea agreement and that, even if the Court refuses to accept any
provision of the plea agreement not binding on the Court, defendant
may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charges, which is attached to the *Amended Plea Agreement*. He confirmed that he is pleading guilty to all the charges contained in the *Superseding Information* and in the *Information* because he is in fact guilty of those offenses. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to all charges against him are knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to Counts 1 through 5 of the *Superseding Information* filed in this Court and to Count 1 of the *Information* originally filed in the Southern District of West Virginia and transferred to this District be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 7, 2018
 Date

_s/  Norah McCann King_
Norah M<sup>c</sup>Cann King
United States Magistrate Judge